IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | |
|---|---|
| CYNDI A. PALLADINO ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | COMPLAINT |
| v. ) | |
| ) | Electronically Filed |
| EDMC ONLINE HIGHER EDUCATION ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

**COMPLAINT**

**NATURE OF THE ACTION, JURISDICTION AND VENUE**

1. This is an individual action under the Americans With Disabilities Act of 1990, as amended (ADA)(42 U.S.C. 12101 et seq.), the Fair Labor Standards Act of 1938, as amended (FLSA)(29 U.S.C. §201 et seq.), the Pennsylvania Minimum Wage Act of 1968, as amended (PMWA)(43 P.S. § 333.101 et seq.), and the Pennsylvania Human Relations Act, as amended (PHRA)(43 Pa. C.S.A. §951 et seq.), to correct certain unlawful employment practices, including retaliation, to recover damages for illegal actions against Plaintiff by Defendant, to recover damages for non-payment of minimum wages and to make Plaintiff whole.

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 for federal claims and 28 U.S.C. §1367 for supplemental state claims This action is authorized and instituted pursuant to the ADA, FLSA, PMWA and the PHRA.

3. The actions and policies alleged to be unlawful were committed in and around Pittsburgh,

Page 1 of 10

PA, where Defendant is located and where Plaintiff worked and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper.

4. Plaintiff exhausted her administrative remedies by filing with the Equal Employment Opportunity Commission (EEOC) and the Pennsylvania Human Relations Commission (PHRC) within the respective statutory periods (300 days / 180 days) following the complained-of acts.  The EEOC issued a Right to Sue on July 25, 2006.  Plaintiff is filing this action within ninety days of having received the Right to Sue, and more than one year after filing her complaint with the PHRC.

## PARTIES

5. Plaintiff, Cyndi A. Palladino (hereinafter referred to as "Plaintiff" or "Palladino"), has resided at all relevant times at 2595 Hunters Point Court South, Wexford, PA  15090.  Plaintiff worked for Defendant as the Assistant Director of Readmissions from July 2001 until Plaintiff was terminated in March 2005.

6. Defendant EDMC Online Education (hereinafter referred to as "Defendant" or "EDMC"),is the owner and operator of over sixty-five colleges and universities throughout the United States.  Defendant EDMC maintains offices at 420 Boulevard of the Allies, Pittsburgh, PA 15219.

7. Defendant is an employer within the meaning of the ADA, FLSA, PMWA and the PHRA.

8. Defendant engages in interstate commerce.

## BACKGROUND AND STATEMENT OF CLAIMS

**9.** Plaintiff was employed in the company's higher education group (OHE), most recently as Assistant Director of Readmissions.

**10.** She began her employment with EDMC in July 2001 and at the time of her separation from employment reported to Vice President of Admissions Ken Boutelle, who reported to the president of EDMC, Steven Weiss.

**11.** Plaintiff worked mostly from home, performing her duties by phone, e-mail and the internet.

**12.** The essential functions of her position could be and were performed from home.

**13.** Plaintiff performed in a satisfactory manner throughout her employment.

**14.** Plaintiff suffers from a significant medical condition, major depression.

**15.** Plaintiff's condition significantly limits Plaintiff's ability to perform major life activities (walking, sleeping, recreating, working) as compared to the average person.

**16.** Plaintiff's condition is a disability within the meaning of the ADA.

**17.** This condition is a substantial impairment within the meaning of the Act.

**18.**     Plaintiff has a history of such a substantial impairment within the meaning of the Act.

**19.**     Plaintiff has been regarded by Defendant as having such a substantial impairment within the meaning of the Act.

**20.**     Defendant has been aware of Plaintiff's condition during Plaintiff's employment.

**21.**     Because of the increasing symptoms of depression in October 2004, Plaintiff requested an accommodation of being allowed to take a leave of absence.

**22.**     Defendant granted the request, and also promised Plaintiff that Plaintiff could resume her duties once the leave was completed.

**23.**     During her medical leave Plaintiff continued to do work for Defendant from her home.

**24.**     Plaintiff was not paid for her work during her leave.

**25.**     EDMC knew she was performing work during her leave.

**26.**     Plaintiff was normally paid a salary ($36,500 per year as of the time she started her medical leave).

**27.**     Plaintiff was non-exempt.

**28.**     In or about early March 2005, Plaintiff was cleared to return to work, with certain restrictions, by her physician.

29. The most significant restriction was that Plaintiff be allowed to work from home, just as she had been doing before her medical leave started.

30. EDMC refused the requested accommodation.

31. Plaintiff complained about the refusal, and asserted to EDMC she had a right to the accommodation under the disability laws.

32. In fact, before and since Plaintiff's medical leave, EDMC allowed other workers, non-disabled, to work from home.

33. The reason given for her termination, no work available that Plaintiff could perform, was false.

34. The real reason for Plaintiff's termination was discrimination against her because of her disability and retaliation against Plaintiff for having complained about the discrimination.

35. There was no business justification for the termination. To the contrary, Plaintiff was fully capable of continuing to perform the essential functions of her job and there was still work available.

36. Plaintiff was also fully qualified to perform the essential functions of other available positions, with or without an accommodation, but was unreasonably denied the opportunity to take one of these positions.

37. Plaintiff has suffered lost income and significant emotional distress as a result of the termination and refusal to accommodate.

**COUNT I: DISABILITY DISCRIMINATION (ADA/PHRA) - DISCRIMINATORY DISCHARGE**

38. Plaintiff hereby incorporates Paragraphs 1 through 37 of her Complaint as though the same were more fully set forth at length herein.

39. Plaintiff is a qualified individual with a disability.

40. Defendant terminated Plaintiff on pretextual grounds (no work available).

41. The real reason for Plaintiff's termination was her disability status, and Defendant's prejudice against individuals with disabilities and its desire not to have to accommodate Plaintiff's disabilities.

42. Defendant knew its actions against Plaintiff were in violation of the ADA and the PHRA.

43. Plaintiff has suffered tangible and intangible losses resulting from Defendant's violation of the law: loss of job and pay; loss of promotional opportunities; humiliation; mental anguish; and, damage to reputation.

44. Plaintiff is seeking lost wages, compensation for pain and suffering, attorney's fees and costs, compensatory and punitive (ADA) damages, and equitable relief (reinstatement in her previous position).

### COUNT II: DISABILITY DISCRIMINATION (ADA/PHRA) - FAILURE TO ACCOMMODATE

45. Plaintiff hereby incorporates Paragraphs 1 through 44 of her Complaint as though the same were more fully set forth at length herein.

46. Plaintiff is a qualified individual with a disability.

47. Plaintiff requested a reasonable accommodation.

48. Defendant unreasonably refused to accommodate Plaintiff.

49. Defendant knew its actions against Plaintiff were in violation of the ADA and the PHRA.

50. Plaintiff has suffered tangible and intangible losses resulting from Defendant's violation of the law: loss of job and pay; loss of promotional opportunities; humiliation; mental anguish; and, damage to reputation.

51. Plaintiff is seeking lost wages, compensation for pain and suffering, attorney's fees and costs, compensatory and punitive (ADA) damages, and equitable relief (reinstatement in her previous position).

### COUNT III: RETALIATION (ADA / PHRA)

52. Plaintiff hereby incorporates by reference Paragraphs 1 through 51 of her Complaint as though the same were more fully set forth herein.

53. Plaintiff was terminated in retaliation for having complained of disability discrimination

and the failure to accommodate.

54. The retaliation was in violation of the ADA and the PHRA.

55. EDMC knew its actions against Plaintiff were in violation of the ADA and the PHRA.

56. Plaintiff has suffered tangible and intangible losses resulting from EDMC's violation of the law: loss of pay; loss of promotional opportunities; humiliation; mental anguish; and, damage to reputation.

57. Plaintiff is seeking lost wages, compensation for pain and suffering, attorney's fees and costs.

58. EDMC's violations of the law were knowing and willful and with malicious intent. Plaintiff is therefore also seeking punitive damages under the ADA.

### COUNT IV: MINIMUM WAGE: FAIR LABOR STANDARDS ACT (FLSA)

59. Plaintiff hereby incorporates Paragraphs 1 through 58 of her Complaint as though the same were more fully set forth at length herein.

60. Plaintiff is non-exempt.

61. Plaintiff worked during her leave of absence and was paid nothing.

62. The failure to pay was knowing and willful.

63.   Defendant has also failed to maintain accurate time records in accordance with the FLSA.

64.   Defendant's failure to maintain accurate time records is knowing and willful and in violation of the FLSA.

65.   Plaintiff is entitled to unpaid wages, liquidated damages, attorney's fees and costs.

### COUNT V:  PA MINIMUM WAGE ACT (PMWA)

66.   Plaintiff hereby incorporates by reference Paragraphs 1 through 65 of his Complaint as though the same were more fully set forth herein.

67.   Plaintiff was an employee of Defendant within the meaning of 43 P.S. §333.103(h).

68.   Defendant is an employer within the meaning of 43 P.S. §333.103(g).

69.   Plaintiff is entitled to be paid minimum wage for all hours worked pursuant to 43 P.S. §333.104(a).

70.   Defendant has violated 43 P.S. §333.104 (a) by failing to pay Plaintiff minimum wage by virtue of paying Plaintiff nothing for the work performed during her leave.

71.   Defendant's violations of 43 P.S. §333.104(a) and §333.104( c) are willful.

72.   Plaintiff is seeking judgment in her favor in an amount equal to the minimum wage due together with costs, liquidated damages, interest, reasonable attorney's fees and costs.

**GENERAL PRAYER FOR RELIEF**

73. WHEREFORE, Plaintiff respectfully requests that this Court:

   A. Order Defendant to make whole Plaintiff by paying monetary damages, reinstating Plaintiff and providing affirmative relief necessary to eradicate the effects of its deprivation of Plaintiff's civil rights and its other unlawful actions.

   B. Order Defendant to compensate Plaintiff for the emotional distress sustained as a result of Defendant's illegal actions.

   C. Order Defendant to pay compensatory and punitive damages (ADA only).

   D. Order Defendant to pay minimum wages owed.

   E. Order Defendant to pay interest, liquidated damages and applicable penalties on wages owed.

   F. Order Defendant to pay the costs and reasonable attorney's fees incurred by Plaintiff.

   G. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

s/Joseph H. Chivers
Joseph H. Chivers, Esquire
PA ID No. 39184
Suite 600, 312 Boulevard of the Allies
Pittsburgh, PA 15222
jchivers@employmentrightsgroup.com
(412) 227-0763 / (412) 281-8481 FAX

Counsel for Plaintiff
Cyndi A. Palladino

DATED: October 17, 2006